Daniel T. CASSIDY

v.

Ingrid L. Cassidy PRIDE.

No. 96–339 Appeal.

Supreme Court of Rhode Island.

Sept. 26, 1997.

John P. Toscano, Westerly.

Thomas R. DeSimone, Clifford James Dean, Providence.

Ingrid L. Cassidy Pride, Pro Se.

**ORDER**

This case came before the court for oral argument September 16, 1997, pursuant to a petition to reargue this matter which had been previously before the court on an order to show cause why the issues raised by the appeal should not be summarily decided. Formerly the court had been equally divided on the issue and the petition to reargue was granted. After hearing the arguments of counsel and examining the memoranda filed by the parties we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

Ingrid L. Cassidy Pride (Pride) has appealed from an order of the Family Court denying her permission to move to the state of Tennessee with the minor child Danielle Cassidy whose physical custody was placed with Pride at that time. The date of the order from which appeal was taken was January 24, 1996.

It was disclosed at oral argument that a later judgment dated July 11, 1996, changed the physical custody from Pride to her former husband Daniel Cassidy. This judgment was followed by a later order dated September 15, 1997 which set forth specific times of visitation between Pride and Danielle and also provided for child support payments from Pride to her former husband.

In our opinion the subsequent judgment and order have superseded the order from which appeal was taken by Pride to this court. There is pending a motion by Pride to restore physical custody of the child to her. A hearing on this motion has not yet been held. We suggest that a hearing should be held as soon as practicable.

Since the subsequent judgment and order has superseded the order from which appeal was taken to this court the issues raised by this appeal are moot. Consequently, we deny the appeal pro forma without prejudice to Pride's litigating the question of physical custody and the privilege of relocating the child to Tennessee in the Family Court if she should deem it appropriate to do so. Any order entered by the Family Court will be subject to review by this court by either party aggrieved thereby.